UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEONTRAY THOMAS,<br><br>    Plaintiff,<br><br>v.<br><br>JAIME OROZCO, *et al.*,<br><br>    Defendants. | Case No. 1:18-cv-00191-JDP<br><br>ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED AS BARRED BY THE FAVORABLE TERMINATION RULE<br><br>(Doc. No. 1.)<br><br>14-DAY DEADLINE |

Plaintiff Deontray Thomas, an inmate at Kern County Jail, proceeds without counsel in this civil rights action brought under 42 U.S.C. § 1983. In plaintiff's complaint, filed February 7, 2018, he alleges that Officers Jaime Orozco, Danni Melendez, Martin Karl, and M. Gomez are liable for an unlawful stop and search. (*See* Doc. 1 at 3-4.) It appears, however, that plaintiff's claims may not be heard by this court because "judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Heck v. Humphrey* 512 U.S. 477, 486-87 (1994). Therefore, the plaintiff is ordered to show cause why this case should not be dismissed as barred by the favorable termination rule.

**I.    THE COMPLAINT**

Plaintiff contends that on August 11, 2016, at about 1:12 p.m., a robbery occurred in

Bakersfield, California, and that "three black male suspects" wearing hats fled the scene of the crime in "a white four door sedan . . . with bright yellow plates." (Doc. No. 1, at 3.) Sheriff's Sergeant M. Gomez arrived at the scene of the crime and took a statement from the 911 caller, Buster Hernandez. (*Id.*)

Later that afternoon, plaintiff was driving alone in Bakersfield in a "white two door Buick Grand Sports." (*Id.* at 4.) Plaintiff was not violating any traffic laws. (*Id.*) Nonetheless, Officer Martin Karl followed plaintiff and advised other police officers that plaintiff's vehicle was "suspicious" and "possibly involved in an earlier robbery." (*Id.* at 3.) Accordingly, "Officer Orozco and Officer Melendez performed a traffic stop on the vehicle of [plaintiff] without . . . probable cause [and] removed [plaintiff] from the vehicle at gun point, conducted a pat-down search of his person without . . . reasonable cause to do so, [and] felt what he believed to be a concealed firearm in [plaintiff's] waistband." (*Id.*) Officer Orozco then placed plaintiff in handcuffs, "removed a firearm from his person," and placed him in the back of a police car. (*Id.*)

Officer Karl then contacted Sheriff's Sergeant M. Gomez, instructing him to bring Buster Hernandez to the scene of the arrest for an "open field identification." (*Id.* at 4.) When Mr. Hernandez arrived, he informed the police officers that he did not recognize plaintiff as one of the robbery suspects. (*Id.*) Plaintiff "was later booked into the Kern County Jail, and [his] motions of suppressed evidence was denied." (*Id.*)

Plaintiff alleges the incident caused him mental distress and pain and suffering. (*Id.* at 3.) Plaintiff claims that defendants violated his right to be free from unreasonable searches and seizures and seeks a monetary award of $300,000. (*Id.* at 3, 6.)

**II. DISCUSSION**

**A. *Heck v. Humphrey***

In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court held that to recover damages for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a § 1983 plaintiff must prove that the conviction or sentence was reversed, expunged, or otherwise invalidated. The favorable-termination rule laid out in *Heck* provides that claims that, if successful, would necessarily imply the invalidity of a conviction or sentence, must

be brought by way of a petition for writ of habeas corpus, after exhausting appropriate avenues for relief. *See Muhammad v. Close*, 540 U.S. 749, 750-51 (2004).

"The applicability of the favorable termination rule turns solely on whether a successful § 1983 action would *necessarily* render invalid a conviction, sentence, or administrative sanction that affected the length of the prisoner's confinement." *Ramirez v. Galaza*, 334 F.3d 850, 856 (9th Cir. 2003). In *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996), the court held that, "if a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed." But if the "action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit." *Heck*, 512 U.S. at 487. "In evaluating whether claims are barred by *Heck,* an important touchstone is whether a § 1983 plaintiff could prevail only by negating 'an element of the offense of which he has been convicted.'" *Cunningham v. Gates,* 312 F.3d 1148, 1153-54 (9th Cir. 2002) (quoting *Heck*, 512 U.S. at 487).

**B. Analysis**

Plaintiff seeks to bring a § 1983 suit challenging the search and seizure that led to his arrest and subsequent criminal conviction, but his claim appears to be barred by *Heck v. Humphrey*. In Case No. BF165209A of the Kern County Superior Court,[1] plaintiff was charged with (1) possession of a firearm by a felon, (2) concealment of a stolen firearm, (3) carrying a loaded

---

[1] The court may take judicial notice of a fact that "is not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201; *see also United States v. Bernal-Obeso*, 989 F.2d 331, 333 (9th Cir. 1993). The official records of the Superior Court of Kern County, as contained in the court's official website, are sources whose accuracy cannot reasonably be questioned, and judicial notice may be taken of facts on a website of a government agency. *See O'Toole v. Northrop Grumman Corp.*, 499 F.3d 1218, 1225 (10th Cir. 2007) ("It is not uncommon for courts to take judicial notice of factual information found on the world wide web"); *Denius v. Dunlap*, 330 F.3d 919, 926-27 (7th Cir. 2003) (taking judicial notice of information on the website of a government agency); *United States ex rel. Dingle v. BioPort Corp.*, 270 F.Supp.2d 968, 972 (W.D. Mis. 2003) ("government documents are generally considered not to be subject to reasonable dispute . . . This includes public records and government documents available from reliable sources on the Internet"). Further, judicial notice may be taken of court records. *See Mullis v. United States Bank. Ct.*, 828 F.2d 1385, 1388 n.9 (9th Cir. 1987). Accordingly, judicial notice is taken of the court's docket related to Case No. BF165209A.

firearm without registration, (4) carrying a concealed/unregistered firearm, and (5) carrying a stolen loaded firearm. *Criminal Case Search*, KERN COUNTY SUPERIOR COURT, https://www.kern.courts.ca.gov/online_services/criminal_case_search. On August 24, 2018, plaintiff pled *nolo contendere* to possession of a firearm by a felon; all other charges were "dismissed in the furtherance of justice." *Id.* In his civil complaint, plaintiff admits that his motions to suppress evidence in a criminal case were denied. (Doc. No. 1, at 4.) The court infers that Case No. BF165209A is the case in question.

Here, if the court rules that plaintiff's Fourth Amendment rights were violated by defendants' search, the ruling would imply that his conviction for possession of a firearm by a felon is invalid. *See Heck*, 512 U.S. at 487. Therefore, plaintiff's complaint must be dismissed unless he can demonstrate that his conviction for possession of a firearm by a felon has been invalidated. *See id.* Accordingly, the court will order plaintiff to make such a demonstration. If he cannot demonstrate that his conviction is invalid, the undersigned will recommend that this civil rights case be dismissed as barred by the favorable-termination rule.

### III. CONCLUSION AND ORDER

Plaintiff's claims appear to be barred under *Heck*. Plaintiff is ordered to show cause why this complaint should not be dismissed.

Accordingly,

1. Within fourteen (14) days from the date of service of this order, plaintiff is directed to show cause why this action should not be dismissed as barred by the favorable-termination rule. Plaintiff may make this showing by demonstrating that his conviction for possession of a firearm by a felon has been invalidated
2. Failure to comply with this order may result in the dismissal of this action.

IT IS SO ORDERED.

Dated: September 10, 2018

_____
UNITED STATES MAGISTRATE JUDGE

5